IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNIE LEE BUTLER,

    Plaintiff,

vs.

M. YARBOROUGH, et al.,

    Defendants.

CV F 03 5420 REC WMW P

ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff is an inmate in the custody of the California Department of Corrections at Pelican Bay State Prison. Plaintiff brings this lawsuit against defendant correctional officials employed by the Department of Corrections at the California Correctional Institution at Tehachapi (CCI). The events that give rise to this lawsuit occurred while plaintiff has housed at CCI. Plaintiff names the following individual defendants: Michael Yarborough, Warden; L. Stradley, Facility Captain; L. Haviland, Inmate Appeals Coordinator; C. Tyner, Mailroom Sergeant.

    The claims in this lawsuit stem from the refusal to deliver certain items of mail to plaintiff, the procedures used to return the mail to its deliverer, and plaintiff's inmate grievances

regarding his mail.   All of the alleged facts are set forth in the complaint.

On December 12, 2001, plaintiff received notification that a letter addressed to him had been returned to the sender.  The mail was returned because it contained pages that had been downloaded and printed from the internet.  The mail was returned in accordance with Operational Procedure (OP) 203, which directs that electronic mail and internet-related material "will not be allowed to enter the institution through CCI's mailroom.[1]"  The internet pages at issue are articles concerning the events of September 11, 2001.

Pursuant to Title 15, section 3147 (a)(5)(B), of the California Code of Regulations, plaintiff must be notified of the disallowed mail.  The notification shall advise recipient of the disposition of the mail if the recipient does not file an appeal within fifteen days.  Plaintiff alleges that the mail was returned to the sender on December 4, 2001, yet he was notified on December 12th.

On December 21, 2001, plaintiff filed an appeal, challenging the reason for the returned mail, and the violation of "due process."  On December 24, 2001, plaintiff was told by defendant Haviland that his appeal would be processed as a complaint against defendant Stradley and that plaintiff would have to file a separate appeal concerning any related issues.   On January 3, 2002, plaintiff filed a separate grievance, which "separately challenged the reason for the rejection of his mail."  On January 18, 2002, the second appeal was responded to at the informal level, but plaintiff did not receive notification.

On February 1, 2002, defendant Tyner contacted plaintiff by telephone, and advised plaintiff that his appeals were "duplicate appeals" of the same issue.  Tyner attempted to

---

[1] Addendum 5 to Operational Procedure 203, Section VI (dated May 23, 2001) , *inmate Mail and Institutional Mail*, was amended as follows: " In accordance with the decision of the First Appellate  District Court, Case Number A090799 (Del Norte County Superior Court Number 98-273-X), electronic mail (e-mail) and internet related materials will not be allowed to enter the institution through CCI's Mailroom.  E-mail and internet related materials will be considered unauthorized publications and handled according to California Code of Regulations, Title 15, Sections 3138(f)(1) and 3139.

interview plaintiff regarding the complaint against defendant Stradley (construing the complaint as a challenge to the disallowance of plaintiff's mail).  Plaintiff protested and Tyner terminated the interview.

On February 2, 2002, plaintiff notified defendant Haviland, the appeals coordinator, of Tyner's attempt to interview him.  Plaintiff requested a due date for a response to his appeal.  On February 4th, Tyner recommended to Haviland that both appeals be rejected due to a lack of cooperation.   Plaintiff alleges that Tyner should have known that the second appeal had received an informal response, and that plaintiff was not required to cooperate .  Plaintiff contends that Tyner was required to conduct a personal interview.

On February 21, 2002, plaintiff sent a letter to Warden Yarborough, "complaining of the intentional obstruction of his appeal of December 21, 2001."  On April 12, 2002, defendant Yarborough responded to plaintiff's  letter.  The response indicated that plaintiff's mail was appropriately returned to the sender, and that plaintiff appeals were appropriately cancelled by defendant Haviland.

On March 2, 2002, plaintiff submitted an administrative appeal to defendant Haviland, complaining of the intentional obstruction of his grievances.  Plaintiff did not receive a response to this grievance.

Plaintiff seeks a jury trial and damages on all of his claims.

Plaintiff does not have a liberty interest protectible under the Fourteenth Amendment's due process clause to have inmate grievance forms properly processed by corrections employees.  Sandin v. Conner, 515 U.S. 472, 484 (1995)(protected liberty interests generally arise from restraints that impose atypical and significant hardships); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(prisoner does not have a Fourteenth Amendment liberty interest implicated in the processing of inmate grievance forms).

The Ninth Circuit holds that Sandin's restriction on due process claims by state

prisoners does not bar claims involving arbitrary state action that arise under other constitutional provisions, and specifically does not bar First Amendment claims involving arbitrary behavior. Pratt v. Rowland, 65 F.3d 803, 807 (9th Cir. 1995).

Prisoners have a First Amendment right to seek redress of grievances through an established grievance procedure, and prison employees may not arbitrarily deprive a prisoner of that right. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); Hines v. Gomez, 853 F.Supp. 329, 331-32 (N.D. Cal. 1994).

Under the grievance procedure instituted by the California Department of Corrections, a prisoner "must submit the appeal within 15 working days of the event or decision being appealed." Cal. Code Regs., tit. 15, § 3084.3(c)(6).

The complaint does not include any facts that would suggest the decision not to proceed further with plaintiff's grievance was arbitrary, but instead the decision appears to be within the discretion of prison officials. The facts alleged indicate that the mail was properly returned to the sender, and plaintiff's appeal was properly denied by defendant Haviland on the basis of plaintiff's failure to cooperate.

Further, plaintiff fails to allege any actual injury within the meaning of the First Amendment. Any concern that plaintiff may in the future suffer a dismissal of his suit or suits on the ground that he failed to complete the grievance procedure is insufficient to meet the actual injury requirement. Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to

dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)). Thus, it is not a foregone conclusion that plaintiff will ultimately suffer dismissal because his appeals have gone unanswered. Until plaintiff suffers some actual prejudice with respect to his suits and this prejudice results from prison officials' failure to respond to his appeals, plaintiff has not suffered an actual injury.

Because plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   October 26, 2005**              **/s/ William M. Wunderlich**
mmkd34                                      UNITED STATES MAGISTRATE JUDGE