IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


DANNIE LEE BUTLER,

           Plaintiff,                           CV F 03 5420 REC  WMW   P

    vs.                                      ORDER


MICHAEL YARBOROUGH,

           Defendant.


       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   This action proceeds on the January 9, 2006, first amended complaint.    The sole claim in this action is that plaintiff, while housed at Tehachapi State Prison, was not allowed to receive mail generated from the internet.  Specifically, plaintiff claims that it was the policy of defendant Warden Yarborough that prevented him from receiving any mail generated from the internet.  Plaintiff claims that this policy violates his First Amendment right to receive mail.

       Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).  Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it

1

is reasonably related to legitimate penological interests.  <u>Turner</u>, 482 U.S. at 89.  In determining

the reasonableness of the regulation, court must consider the following factors: (1) whether there

is a "valid, rational connection between the regulation and the legitimate government interest put

forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the

impact that the "accommodation of the asserted constitutional right will have on guards and

other inmates," and (4) "the absence of ready alternatives."  <u>Turner</u>, 482 U.S. at 89-90.

In <u>Clement v. California Department of Corrections</u>, 364 F.3d 1148 (9th Cir. 2004), the

Ninth Circuit held that such a regulation violates a prisoner's First Amendment right to receive

mail.  The <u>Clement</u> court, applying the <u>Turner</u> factors, held that the California Department of

Corrections failed to meet the <u>Turner</u> test because it did not articulate a rational or logical

connection between is policy and the interests it asserted.  <u>Clement</u>, 364 F.3d at 1152.

The court has screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that

it appears to state cognizable claims for relief under 42 U.S.C. § 1983 against defendant

Yarborough, in violation of the First Amendment.    Accordingly, it is HEREBY ORDERED

that:

1.      Service is appropriate for the following defendants:

        WARDEN YARBOROUGH


2.      The Clerk of the Court shall send plaintiff one USM-285 form, one summonses, a

        Notice of Submission of Documents form, an instruction sheet and a copy of the

        first amended complaint filed January 9, 2006.

3.      Within **thirty (30) days** from the date of this order, plaintiff shall complete the

        attached Notice of Submission of Documents and submit the completed Notice to

        the court with the following documents:

        a.      Completed summons;

b.      One completed USM-285 form for the defendant listed above; and

c.      Two copies of the endorsed first amended complaint filed January 9, 2006.

4.      Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.      The failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    June 1, 2006**                              _____/s/  **William M. Wunderlich**_____
mmkd34                                               UNITED STATES MAGISTRATE JUDGE