IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNIE LEE BUTLER,

       Plaintiff,                  CV F 03 5420 LJO WMW   P

   vs.                                  FINDING AND RECOMMENDATION

MICHAEL YARBOROUGH,

       Defendant.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to dismiss. Plaintiff has opposed the motion.

      This action proceeds on the January 9, 2006, first amended complaint.   The sole claim in this action is that Plaintiff, while housed at Tehachapi State Prison, was not allowed to receive mail generated from the internet.  Specifically, Plaintiff claims that it was the policy of Defendant Warden Yarborough that prevented him from receiving any mail generated from the internet.  Plaintiff claims that this policy violated his First Amendment right to receive mail.

      Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78,

89-91 (1987).  Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to legitimate penological interests.  Turner, 482 U.S. at 89.  In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives."  Turner, 482 U.S. at 89-90.

In Clement v. California Department of Corrections, 364 F.3d 1148 (9th Cir. 2004), the Ninth Circuit held that such a regulation violates a prisoner's First Amendment right to receive mail.  The Clement court, applying the Turner factors, held that the California Department of Corrections failed to meet the Turner test because it did not articulate a rational or logical connection between is policy and the interests it asserted.  Clement, 364 F.3d at 1152.

Defendant seeks to dismiss this action on the ground of qualified immunity.   As a general rule, government officials performing discretionary functions are shielded from liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Qualified immunity is a three-part inquiry.  First, the court must consider whether the facts "[taken in the light most favorable to the party asserting the injury . . . show that the [defendant's] conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Second, the court must determine whether the right was clearly established at the time of the alleged violation.  Saucier, 533 U.S. at 201.  Finally, the court must conclude whether a reasonable officer in these circumstances would have though his or her conduct violated the alleged right.  Saucier, 533 U.S. at 205.

Defendant argues that, at the time of the violation, the controlling law was not clearly established.  Defendant notes on September 9, 2002, in Clement v. Cal. Dep't. Of Corr., 220

F.Supp.2d 1098 (N.D. Cal. 2002), the Northern District of California issued a permanent, statewide injunction enjoining the California Department of Corrections and Rehabilitation from "enforcing any policy which prohibited California inmates from receiving mail because it contained internet generated materials.[1]  In response, on September 20, 2002, the Deputy Director of the CDCR issued a memorandum instructing CDCR facilities to allow inmates access to mail containing internet information.

The conduct at issue in this lawsuit occurred in December of 2001.  On December 12, 2001, plaintiff received notification that a letter addressed to him had been returned to the sender.  The mail was returned because it contained pages that had been downloaded and printed from the internet.  The mail was returned in accordance with Operational Procedure (OP) 203, which directs that electronic mail and internet-related material "will not be allowed to enter the institution through CCI's mailroom.[2]"

Defendant argues that in December of 2001, Plaintiff's right to receive internet material in the mail had not been clearly established.  In December of 2001, the California Appellate Court's decision In Re Aaron Collins provided the controlling precedent, which upheld CDCR policies prohibiting inmate access to internet generated material.[3] In case with a similar claim, the District Court held that Defendant was entitled to qualified immunity for denying an inmate access to internet generated materials.  Nelson v. Giurbino, 395 F. Supp. 2d 946, 952 (S.D. Cal.

---

[1] OnApril 13, 2004, the Ninth Circuit affirmed the District Court's decision.  Clement v. California Department of Corrections, 364 F.3d 1148 (9th Cir. 2004).

[2] Addendum 5 to Operational Procedure 203, Section VI (dated May 23, 2001), *inmate Mail and Institutional Mail*, was amended as follows: " In accordance with the decision of the First Appellate District Court, Case Number A090799 (Del Norte County Superior Court Number 98-273-X), electronic mail (e-mail) and internet related materials will not be allowed to enter the institution through CCI's Mailroom.  E-mail and internet related materials will be considered unauthorized publications and handled according to California Code of Regulations, Title 15, Sections 3138(f)(1) and 3139.

[3] In Re Arron Collins, 86 Cal. App. 4th 1176, 1186 (2001).

1   2005). The <u>Nelson</u> court, in analyzing a claim identical to the one in this case, noted that

> Under these circumstances, the California Court of Appeals decision in *In re Aaron Collins* and the 2001 Memorandum would lead a reasonable law enforcement officer to believe that enforcement of the CDC policy prohibiting inmate access to internet materials was proper and constitutional. Prior to the decision in *Clement,* a reasonable law enforcement officer would not understand that such conduct was "unlawful in the situation confronted". Accordingly, this Court finds that prior to the decision in *Clement,* prison inmates' Constitutional right to access internet generated material was not clearly established. As a result, Defendants would be entitled to qualified immunity.

<u>Id.</u> at 955.  This case squares with <u>Nelson</u>.  At the time that Plaintiff's mail was returned, Defendant could not have known that CCI's mail policy prohibiting such material violated Plaintiff's constitutional rights.  To the contrary, at the time, <u>In Re Aaron Collins</u> provided the controlling law and upheld the policy.  Since the right was not clearly established, Defendant is entitled to qualified immunity.  Plaintiff can not therefore state a claim for punitive damages.  Plaintiff's complaint for damages should therefor be dismissed for failure to state a claim.

As to Plaintiff's requests for injunctive relief, this Court, as the court in <u>Nelson</u>, finds that Plaintiff is not entitled to declaratory or injunctive relief, because the policy at issue has been found to be unconstitutional and has been enjoined.  The <u>Nelson</u> court noted that the constitutionality of the CDCR's policy was moot since both the District Court and the Ninth Circuit <u>Clement</u> decisions already granted the relief that Plaintiff sought, i.e., that the CDCR can not deny inmates mail containing internet generated information.  The <u>Clement</u> decisions announced that the CDCR internet policy did not have a legitimate penological interest and specifically enjoined the CDCR and all of its facilities from enforcing any policy prohibiting mail containing internet information.   Because the constitutionality of the policy has been resolved, Plaintiff's request for declaratory and injunctive relief is moot.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be

granted, and this action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 3, 2007**           /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE